| **Mule v Sillerman** |
|:---:|
| 2024 NY Slip Op 30002(U) |
| January 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654984/2016 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

ANDREW MULE,

                       Plaintiff,

              - v -

ROBERT F.X. SILLERMAN, PETER C. HORAN, MICHAEL
MEYER, MITCHELL J. NELSON, FRANK E. BARNES, and
BIRAME SOCK, and FUNCTION(X), INC.,

                      Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654984/2016 |
| MOTION DATE | |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 183, 184, 185, 186, 189, 191

were read on this motion to/for                 RENEWAL              .

Upon the foregoing documents, it is

In motion sequence number 009, defendant Robert F.X. Sillerman,[1] moves pursuant to CPLR 2221(e) for an order granting leave to renew his motion to dismiss and, upon renewal, dismiss the Amended and Supplemental Complaint (ASC) pursuant to CPLR 3211(a) (1) and (7).

In motion sequence number 005, Sillerman joined motion sequence number 004, the Director Defendants' motion to dismiss.  (NYSCEF 77, Handler aff ¶ 2.)  However, motion sequence number 005 was dismissed without prejudice due to Sillerman's bankruptcy.  (NYSCEF 108, Decision and Order [mot. seq. no. 005].)  Motion sequence number 004 was granted, and the action was dismissed against the Director Defendants based on the exculpatory provision in the Company's articles of

---

[1] Sillerman is deceased.  On consent, Yann Geron, the Chapter 7 Trustee substituted in as defendant.  (NYSCEF 157, March 17, 2-21, Stipulation),

**654984/2016  MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No.  009**

                Page 1 of 6

incorporation. (NYSCEF 97, Decision and Order [mot. seq. no. 004], *affd Mule v Sillerman*, 180 AD3d 600 [1st Dept 2020].) Accordingly, it was unnecessary for the court to evaluate plaintiff's purported entrenchment claim raised for the first time in plaintiff's opposition to the Director Defendants' motion to dismiss. (NYSCEF 94, Plaintiff's Opposition Memo [mot. seq. no. 004] at 26-27[2].) The court rejects plaintiff's proposition that the court "expressly addressed the entrenchment claim." (NYSCEF 183, Plaintiff's Opposition Memo [mot. seq. no. 009] at 6.) Rather, plaintiff confuses the court's recitation in the background section of the decision with an analysis of an entrenchment claim – a more complex endeavor. (NYSCEF 97, Decision and Order [mot. seq. no. 004], *affd Mule v Sillerman*, 180 AD3d 600 [1st Dept 2020].)

The entrenchment claim is not clearly alleged in the ASC. Indeed, the word "entrenchment" does not appear in the ASC. (NYSCEF 44, ASC.) Rather, there are two causes of action:

> "COUNT I Breach of Fiduciary Duty For Entering Into the Exchange Agreement Defendants have violated their fiduciary duties including their duty of care and duty of loyalty by placing defendant Sillerman's interests ahead of the interests of Function(x)'s minority shareholders as set out herein. These breaches include, among other things, engaging in wrongful conduct that has resulted in the conversion of Sillerman's Debt and preferred securities into Common Stock at terms most favorable to him and highly dilutive to the minority shareholders of the Company."

(NYSCEF 44, ASC at 46.)

> "COUNT II Breach of Fiduciary Duty For the Failure to Maintain Adequate Internal Controls: Defendants have a duty to oversee its CEO and ensure that he is not breaching his fiduciary duties to the Company's shareholders. The Board's failure to have adequate internal controls allowed Defendant Sillerman to, among other things, withdraw money from the Company's bank account without any supporting documentation and to repay himself more than the amount owed to him under his Line of Credit to the Company."

---

[2] NYSCEF pagination.

**654984/2016 MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No. 009**

**Page 2 of 6**

2 of 6

(*Id.* at 49-50.)

The Director Defendants did not seek to dismiss entrenchment in motion sequence number 004 because it was not clearly alleged as an independent claim. Rather, the court addressed entrenchment in the 004 decision because plaintiff raised it in plaintiff's opposition to motion 004 and the Director Defendants addressed entrenchment on reply. (NYSCEF 94, Plaintiff's Opposition Memo [mot. seq. no. 004]; NYSCEF 95, Director Defendants' Reply Memo [mot. seq. no. 004] at 16-17.) Likewise, Sillerman did not raise entrenchment in motion sequence numbers 005 or 006. (NYSCEF 77, Handler aff [mot. seq. no. 005]; NYSCEF 136, Sillerman's Memo of Law [mot. seq. no. 006].) If anything, an entrenchment claim is folded into the first cause of action which was dismissed. However, when the court dismissed the first cause of action against the Director Defendants, based on the exculpatory provision, plaintiff did not appeal to question the court's failure to analyze the purported entrenchment claim or challenge if the exculpatory provision applied to the purported entrenchment claim.

Sillerman filed motion sequence number 006, a new motion to dismiss when the bankruptcy stay was lifted. Plaintiff raised one argument: that plaintiff failed to adequately allege unfair price. (NYSCEF 161, Sillerman's Amended Memo of Law [mot. seq. no. 006].) Motion sequence number 006 was denied, and the court allowed plaintiff's direct claim for unfair dilution to proceed based on *Gentile v Rossette*, 906 A2d 91 (Del 2006). (NYSCEF 165, Decision and Order [mot. seq. no. 006].) However, on September 20, 2021, *Gentile* was overruled by *Brookfield Asset Mgt., Inc. v Rosson*, 261 A3d 1251 (Del 2021). Sillerman appropriately filed this motion to renew pursuant to CPLR 2221(e) based on a change in the law. Plaintiff agrees that Sillerman's direct

**654984/2016  MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No.  009**

**Page 3 of 6**

3 of 6

[* 3]

claim must be dismissed based on *Brookfield*. Therefore, the first cause of action is dismissed.

However, in motion sequence number 006, Sillerman did not mention the issue of entrenchment though by the time that motion was filed on September 27, 2019, Sillerman was aware of plaintiff's purported entrenchment claim. (*See* NYSCEF 97, Decision and Order [mot. seq. no. 004].) This is a 2221(e) motion for reargument, but Sillerman fails to identify any new facts or change in the law about entrenchment. Accordingly, the court is compelled to deny the motion allowing the action to proceed on entrenchment.

While the court is procedurally precluded from assessing the viability of plaintiff's purported entrenchment claim, it should be clear to the parties by now that the court would be unlikely to sustain such a claim as currently pled. A plaintiff bears a heavy burden to successfully assert entrenchment, but plaintiff has not satisfied that burden. (*See Nomad Acquisition Corp. v Damon Corp.,* 1988 WL 383667, at *1 [Del.Ch. Sept. 20, 1988].)

> "Corporate fiduciaries may not utilize corporate machinery for the purpose of perpetuating themselves in office. . . . A successful claim of entrenchment requires plaintiffs to prove that the defendant directors engaged in action which had the effect of protecting their tenure and that the action was motivated *primarily or solely* for the purpose of achieving that effect.[219] Where a board's actions are shown to have been taken for the purpose of entrenchment, they may not be permitted to stand.[220] The fact that a plan has an entrenchment effect, however, does not mean that the board's primary or sole purpose was entrenchment."

(*Benihana of Tokyo, Inc. v Benihana, Inc.,* 891 A2d 150, 185-86 [Del Ch 2005], *affd,* 906 A2d 114 [Del 2006] [citations omitted].)

**654984/2016   MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No.  009**

**Page 4 of 6**

In the ASC, plaintiff alleges that the purpose of the Exchange Agreement was to "mitigate the potentially negative impact on Sillerman's controlling equity stake," from the Company's acquisition of Rant, Inc., private placement of debentures, and the issuance of shares to retire debt owed by the Company to MGT Sports, Inc. in connection with the purchase of MGT Sports. (NYSCEF 44, ASC ¶¶36, 40-47.) However, the Exchange Agreement's stated purpose was "in furtherance of the Company's plan to (i) remain listed on the NASDAQ Global Market, and (ii) upon consummation, improve its balance sheet and capital structure." (NYSCEF 11, Exchange Agreement at 1 [Whereas Clause].) In the ASC, plaintiff rejects the Exchange Agreement's stated purpose in favor of an entrenchment theory that requires an inference that the "primary or sole purpose" of the Exchange Agreement instead was to maintain Sillerman's controlling interest. In support, plaintiff alleges that "[s]uch a result would have meant that Sillerman would no longer control the Company." (NYSCEF 44, ASC ¶8.) Since this inference is not supported by allegations of fact in the ASC, and it is inconsistent with the events that followed—maintaining the Company's NASDAQ listing and public offering on March 1, 2017 -- the court would dismiss the complaint without prejudice. (*See Brookfield*, 2021 Del. LEXIS 291 at *58-59 [affirming Chancery Court's dismissal of plaintiff's entrenchment claim for failing to allege facts supporting a reasonably conceivable inference that the primary or sole purpose of the private placement was to maintain the controlling shareholder's voting control].)

Accordingly, it is

**654984/2016   MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No.  009**

**Page 5 of 6**

ORDERED that Sillerman's motion for leave to renew its motion to dismiss is granted in part; and it is further

ORDERED that, upon renewal, the court vacates its prior order (NYSCEF 165, Decision and Order [mot. seq. no. 006]) in part, and grants Sillerman's motion to dismiss only as to the first cause of action, which is dismissed on consent; and it is further

ORDERED that this motion is otherwise denied as to renewal as to the entrenchment claim.

|  |  |
|---|---|
| __1/1/2024__ <br> **DATE** | __ANDREA MASLEY, J.S.C.__ |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654984/2016   MULE, ANDREW vs. SILLERMAN, ROBERT F.X.**
**Motion No.  009**

Page 6 of 6

6 of 6

[* 6]